KENNEDY, Justice.
The plaintiffs appeal a summary judgment entered in favor of the defendant. We affirm.
The plaintiffs — Weldon F. Ernst; Mobile Property One, a partnership (“Mobile One”); and J. Preston’s, Inc. — sued John L. Lawler, alleging legal malpractice. In 1985, Ernst and James Preston House engaged Lawler to incorporate a company named “J. Preston’s, Inc.” Subsequently, Ernst and House asked Lawler to represent them in a purchase of land that was to be used as a restaurant site. Prior to the closing, Ernst was told by Crescent Federal Savings Bank (“Crescent”), which was financing the purchase of the land, that he could not be listed as holding an interest in the property because he had outstanding loans with Crescent that were near the *1221 maximum amount that Crescent would lend. Crescent decided to name House as the interest holder. Another attorney prepared a deed transferring the land to House. Lawler then prepared a real estate mortgage and security agreement listing House as the mortgagor and Crescent as the mortgagee. At or about the same time, Lawler prepared an agreement, at the request of Ernst and House, under which House agreed to transfer his interest in the restaurant property to Mobile One, a partnership that was to be formed and that was to be composed of House and Ernst. By that agreement, the transfer would take place at the request of Ernst. The agreement was signed by House on February 28, 1985.
Lawler stated that after this agreement was signed, Ernst never requested that the property be deeded from House to Mobile One.
In his complaint, Ernst alleges the following:
“8.
“The mortgage lender for purchase of the land and Mr. Ernst agreed that deed to the land would be placed temporarily in the name of the agent, James P. House. When final arrangements for construction of the restaurant building were completed, deed to the land would be transferred from the agent to Mobile Property One, Inc. The deed in the name of Mobile Property One, Inc., was to have been recorded.
“9.
“Although he assured Mr. Ernst on several occasions, and assured attorneys in New Orleans that he had done so, attorney John Lawler never did transfer the land deed from the name of the agent to Mobile Property One, Inc. He further never recorded a land deed in the name of Mobile Property One, Inc.
“10.
“The failure to transfer deed to the land from the name of the agent to Mobile Property One, Inc., by attorney John Lawler was malpractice, either intentional or negligent.
“11.
“Mr. Ernst did not discover the malpractice until February 12, 1987 when a payment due to the account of J. Preston’s at the First Bank of Baldwin was not made by Charles K. Breland and/or his various corporate entities.
“12.
“When Mr. Ernst inquired as to why the payment was not made, he was informed that it was not legally owed since the Brelands’ owned the deed to the land.
“13.
“Mr. Ernst inquired further and discovered the deed had never been transferred and recorded in the name of Mobile Property One, Inc., had remained in the name of the agent, James P. House, and had been fraudulently transferred by James P. House to Charles K. Breland and/or one of his corporate entities.
“14.
“By failing to record the deed and by failing to transfer the deed from the name of the agent, James P. House, attorney John Lawler committed malpractice.”
The record reveals no evidence that Ernst ever requested that Lawler prepare a deed from House to the partnership or that Lawler prepare a deed from House to Ernst. Nor was there any evidence that Lawler agreed to record an instrument transferring title from House to the partnership. Finally, there is no evidence that Lawler had an ownership interest in the property that would allow him to transfer the property to the partnership.
In order for Ernst to recover against Lawler, he would have to prove that Lawler breached a duty of care in the performance of legal duties on behalf of Ernst and that this breach proximately caused injury to Ernst. Tyree v. Hendrix, 480 So.2d 1176, 1177 (Ala.1985). Lawler supported *1222 his summary judgment motion with a pri-ma facie showing of no malpractice; Ernst failed to provide the trial court with any evidence to support the allegations he made against Lawler in his complaint. Accordingly, we conclude that Lawler was due a summary judgment, see Rule 56(c), A.R. Civ.P., and we hereby affirm.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.