This is a pro se appeal by Appellant/Plaintiff Danny Ray Mylar, a/k/a Danny Ray Miles, against Appellee/Defendant J. Louis Wilkinson, in a case seeking damages for Wilkinson's alleged malpractice in negligently representing Mylar in the appeal of his criminal conviction for murder. Mylar appeals the trial court's order granting Wilkinson's motion to dismiss the complaint for its failure to state a claim upon which relief can be granted.
We affirm.
 FACTS
On March 22, 1976, Mylar was tried for first degree murder in the Bessemer Division of Jefferson County Circuit Court. At his trial, Mylar was represented by Wilkinson, his court-appointed counsel. On March 25, 1976, Mylar was found guilty by a jury and sentenced to life imprisonment. Subsequently, Wilkinson's request that he be appointed as counsel for Mylar on appeal was granted. According to Mylar, on April 8, 1977, he was informed by the Clerk of the Court of Criminal Appeals that his conviction had been affirmed, and that Wilkinson, after timely filing a notice of appeal, had failed to submit a brief on his behalf concerning his appeal.
From April 1977 until April 1982, in both state and federal forums, Mylar initiated and pursued, on his own, actions for writs of error coram nobis and writs of habeas corpus. On April 1, 1982, the United States Court of Appeals for the Eleventh Circuit (Mylar v. State of Alabama, 671 F.2d 1299 (11th Cir. 1982)) granted Mylar relief on the issue of Wilkinson's ineffective counsel during the initial appeal of his conviction. The Court ordered that Mylar be allowed another appeal, or, in the alternative, be granted a new trial.[1]
 ISSUE
Stated simply, the issue for our consideration is the sufficiency, vel non, of Mylar's pleadings so as to withstand a motion to dismiss. In other words, what should a criminal defendant, in these circumstances, be required to allege in order to state a valid claim for damages based upon the alleged malpractice of his court-appointed lawyer?
 OPINION
In a well-drafted pro se brief seeking reversal of the order of dismissal, Mylar lays considerable stress upon the U.S. Court of Appeals opinion, which found specific acts of omission which, as a matter of law, rendered Wilkinson's "assistance of counsel" ineffective. The argument is a *Page 1239 
persuasive one; but the validity of Mylar's claim for relief in his criminal prosecution is not necessarily conclusive on his claim for civil damages. The test in the criminal case is one of fundamental due process, and the remedy for the failure to provide that is to afford the defendant a new trial.[2] The civil damages action, however, is tested against traditional tort concepts: One who claims damages for negligence must allege and prove that the actionable wrong proximately caused the damages for which recompense is sought. Herston v. Whitesell,374 So.2d 267 (Ala. 1979).
A lawyer owes certain duties of care in the relationship with his or her client; and, in the performance of legal services for the client, a lawyer is required to exercise an ordinary and reasonable level of skill, knowledge, care, attention, and prudence common to members of the legal profession in the community. Newman v. Silver, 553 F. Supp. 485 (D.C.N.Y. 1982). Mylar has alleged a cause of action for malpractice against Wilkinson, claiming that his services did not comply with this standard of care.
A claim for malpractice, however, also requires a showing that the client's injury was caused by the lawyer's malpractice.Tasby v. Peek, 396 F. Supp. 952 (D.C.Ark. 1975). This requires a showing that the result would have been different in the underlying action had his lawyer not been guilty of malpractice.Tasby, supra. Mylar has not established through his pleadings that he could have received a better result had Wilkinson acted differently; therefore, he cannot recover on his malpractice claim.
Plaintiff's statement of the claim is devoid of any averment that, apart from the lawyer's negligence, he would have obtained a more favorable result in his criminal prosecution. Furthermore, it is worthy of note that the professional malpractice claimed relates solely to Wilkinson's inaction during the pendency of Mylar's appeal before the Court of Criminal Appeals. Judge Harris, writing for that court pursuant to the "search the record" rule, thoroughly treated every issue raised during trial. Miles v. State, 343 So.2d 801 (Ala.Cr.App. 1977), cert. denied, 343 So.2d 806 (Ala. 1977).
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] That case is now pending before the United States Supreme Court on the State's petition for writ of certiorari.
[2] For a more recent announcement of the standard for evaluating a claim of ineffective assistance of counsel in a capital case (there, involving the sentencing phase of the trial), seeWashington v. Strickland, 693 F.2d 1243 (11th Cir. 1982).