Carl Hall appeals pro se from a summary judgment in favor of appellee, Gregory Thomas. We affirm.
Hall sued Thomas, who was previously Hall's attorney, for malpractice in connection with Thomas's representation of Hall in a criminal case. Hall alleges that Thomas generally failed to adequately prepare and present a defense and that Thomas deprived Hall of a jury trial by telling Hall that he was not entitled to one.
Hall had been charged with escape under Code 1975, § 14-8-42. Hall was serving time for murder at the time of his escape. He was convicted in a nonjury trial on the escape charge and sentenced to three months to be served "consecutively with" his prior sentence.[1] After the trial court was informed of the mistake concerning Hall's right to a jury trial, the court granted Hall a new trial before a jury, and appointed new counsel. Hall was convicted and given the same sentence as before. Hall then filed the present malpractice suit.
Thomas moved for dismissal of the suit or, in the alternative, for summary judgment. He filed affidavits and other documents showing that Hall suffered no damage as a result of what Thomas admitted was a mistake on his part in telling Hall he was not entitled to a jury trial. The trial court found as a matter of law that Hall had suffered no damage as a consequence of the alleged negligence of Thomas and granted summary judgment.
A claim for malpractice requires a showing that in the absence of the alleged negligence the outcome of the case would have been different. Mylar v. Wilkinson, 435 So.2d 1237 (Ala. 1983). The documents filed in support of Thomas's motion show without dispute that Thomas's alleged negligence in no way damaged Hall. He was convicted and given the same sentence in the jury trial as he had previously received. Hall's affidavit filed in opposition to the motion for summary judgment reiterates his claim that he was damaged but does not specify how. In his brief on appeal, Hall contends he was damaged because Thomas could have taken some steps to have the charges dismissed after the presentation of the state's case because the state failed to prove Hall had previously been convicted and sentenced. Regardless of whether there is merit in Hall's new contention, this new theory cannot be raised on appeal for the first time in an attempt to gain reversal of the summary judgment. Engel Mortgage Co. v. Triple K Lumber Co.,56 Ala. App. 337, 321 So.2d 679 (Ala.Civ.App. 1975).
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] We are unsure whether the trial judge actually meant the new sentence should run consecutively to or concurrently with Hall's prior sentence. *Page 69