This is an appeal from the dismissal of a complaint alleging legal malpractice. Plaintiff, James Irvin Tyree, was convicted in a criminal action in which he had been represented by defendant, Douglas Hendrix, at an early stage of the proceedings. Tyree alleges two actions by Hendrix as constituting malpractice: that Hendrix erroneously told him that the maximum sentence he could receive under the indictment was fifteen years, when in fact it was thirty; and that Hendrix failed to file a *Page 1177 
demurrer to the portion of the indictment setting out a prior conviction of possession of controlled substances.
Tyree was indicted February 5, 1982, for obtaining or attempting to obtain a controlled substance by a forged prescription "after having been previously convicted of the Unlawful Possession of Marijuana." The circuit court allowed his original attorney to withdraw on April 19 and appointed Hendrix to represent him on April 23. Also on April 23, Tyree waived arraignment and pled not guilty. Tyree asserts that Hendrix told him that the punishment for the offense charged would be not less than two nor more than fifteen years. On or about July 28, 1982, Hendrix requested permission to withdraw as attorney for Tyree. The court granted the request, and on August 5, 1982, Michael C. Cornwell was appointed to defend Tyree.
Tyree was tried before a jury and convicted on August 31, 1982. The court fixed sentence under the enhancement provision of § 20-2-76, Code 1975, at 25 years' imprisonment. Tyree appealed to the Court of Criminal Appeals, which affirmed the judgment and sentence. Tyree v. State, 439 So.2d 1346
(Ala.Crim.App. 1983). This Court denied Tyree's petition for writ of certiorari. Cornwell represented Tyree throughout those proceedings.
To succeed in his claim of legal malpractice, Tyree would have to prove that Hendrix breached his duty of due care in the performance of legal services for Tyree and that such breach was the proximate cause of an injury to Tyree. Mylar v.Wilkinson, 435 So.2d 1237 (Ala. 1983); Herston v. Whitesell,374 So.2d 267 (Ala. 1979). Mylar was a similar case of a convicted criminal defendant claiming malpractice against his lawyer. In that case, there had even been a finding of inadequate assistance of counsel by the U.S. Court of Appeals, yet this Court upheld the dismissal of the malpractice claim because there was no averment or indication that Mylar would have received a more favorable result in his criminal prosecution absent the alleged malpractice.
Tyree has not stated a meritorious claim against Hendrix. The facts as indicated in the record are as follows: He entered his "not guilty" plea by signing a form which included an explanation of rights. The explanation of rights informed him of the offense for which he had been indicted and stated, "If you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than two nor more than fifteen years and a fine not to exceed $25,000.00 for said offense." The circuit judge's signature appears at the bottom of this explanation of rights.
Code 1975, § 20-2-70, specifies the crime of obtaining or attempting to obtain certain controlled substances by, inter alia, the forgery or alteration of a prescription, and sets out the penalties quoted in the explanation of rights. Section20-2-76 provides that persons convicted of second or subsequent offenses under the controlled substances chapter "may be imprisoned for a term up to twice the term otherwise authorized." Tyree contends that if he had been informed of this possibility of enhancement of sentence, he might have reached a plea arrangement whereby he would have pled guilty and received a lesser sentence.
This contention is too speculative to support a claim of malpractice. There is no allegation that the district attorney offered a lesser sentence in exchange for a guilty plea or that the trial court would have accepted such a sentencing arrangement. The face of the explanation of rights shows that the judge approved the statement that the sentence could be from two to fifteen years. Tyree could have challenged the sentence in the trial court and on appeal or by post-trial motion. The record before us does not indicate that Tyree made any such challenge. Thus, Tyree has shown nothing to support a claim for malpractice on this assertion that Hendrix incorrectly informed him of the possible sentence.
The trial court was also correct in dismissing the claim for failure to file a *Page 1178 
demurrer to the indictment. The Court of Criminal Appeals has, in a substantial line of cases, held that the State may include prior drug offenses in an indictment for a subsequent offense, and must do so in order to sentence a defendant under the enhancement statute. Kidd v. State, 398 So.2d 349
(Ala.Crim.App.), cert. denied, 398 So.2d 353 (Ala. 1981);Luttrell v. State, 357 So.2d 1021 (Ala.Crim.App. 1978); Napierv. State, 344 So.2d 1235 (Ala.Crim.App.), cert. denied,344 So.2d 1239 (Ala. 1977); Funches v. State, 56 Ala. App. 22,318 So.2d 762, cert. denied, 294 Ala. 757, 318 So.2d 768 (1975). All of these cases had been decided before Tyree's plea. See also Luker v. State, 424 So.2d 662 (Ala.Crim.App. 1982), cert.quashed, 424 So.2d 662 (Ala. 1983), clarifying the above-cited cases and holding that the averment of the prior drug offense is permissible but not necessary in order to sentence under the enhancement statute. Hendrix committed no malpractice in not filing a demurrer in the face of these decisions.
Furthermore, we note that nothing in the record or the opinion of the Court of Criminal Appeals indicates that Tyree has made any claim of inadequate assistance of counsel regarding Hendrix's representation of him.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur.