This is a legal malpractice action. Plaintiff/Appellant, Willis Johnson, was injured in a one-vehicle accident in August 1977, on a county road in Washington County. He hired attorneys Barry Hess and Richard Horne of Mobile to represent him in a claim against Washington County based on its alleged negligence in causing his accident. Hess and Horne associated attorney Wyman O. Gilmore of Grove Hill to assist them in this case.
Mr. Gilmore filed suit on Johnson's behalf against Washington County within the one-year provided by the statute of limitations. Because Gilmore failed to file a claim with the Washington County Commission within the year, as required by Code 1975, § 6-5-20 and § 11-12-8, however, the trial court granted summary judgment for the county.
Within three months, Plaintiff filed suit against Defendants Horne and Gilmore, asserting two counts, one for negligence and one for breach of contract. Through subsequent amendments, Plaintiff's wife and Alabama Farm Bureau Mutual Casualty Insurance Company were added as plaintiffs; Plaintiffs joined attorney Barry Hess as a party defendant, and added a count for wantonness; and Plaintiff Willis Johnson increased his demand for damages.
Plaintiff's[1] underlying claims against Washington County were tried as part of the malpractice action to determine whether Defendants' alleged negligence had been the cause, in fact, of Plaintiff's failure to recover.
At a pre-charge conference, before the lawyers began their closing arguments to the jury, the trial judge told both sides to limit their arguments to the underlying cause of action against Washington County:
 "THE COURT: I have indicated to both of you that I am going to bifurcate the proceedings before the jury. And I will permit you to argue and permit each side 25 minutes to argue during the first phase during which I would ask the jury to determine liability, if any, under the underlying suit. And I will propose to propound these questions to the jury.
 " 'Based upon the evidence and the laws given to you by the court, are you reasonably satisfied from the evidence that the plaintiffs would have recovered a verdict against Washington County and/or its agents, servants or employees in the lawsuit filed in that county had it not been dismissed?' The question is to be signed yes or no and signed by the foreperson.
 "The second question is to be answered only if the answer to the preceding question is yes. 'If [the first question is answered yes], what damages do you find from the evidence that the plaintiffs would have been entitled to recover from Washington County and/or its agents, servants or employees?' "
Whereupon, Plaintiff's counsel stated:
"[F]or the record I'd just like to oppose the bifurcation as you have proposed it, just for the record. I feel like this case has been tried together and should be decided together for the jury. And just for the record I would like to enter that objection."
The charge to the jury read, in relevant part:
 "We have separated this case. There are really two lawsuits and we've separated it really for — and the other suit against the attorneys will be considered totally separately. The first thing which you must consider is what would have happened had this lawsuit been filed and actually heard in Washington County when it was filed back in 1977 or '78. And you sit as a jury would have been sitting in Washington County to determine whether or not the plaintiff has proved his case and whether or not they would be entitled to recover. *Page 1026 
 "The case is a civil case and the burden is on the plaintiff to prove — really there are two plaintiffs, Mr. Johnson and Mrs. Johnson — and the plaintiffs have the burden of proving their case to your reasonable satisfaction by a preponderance of the evidence.
 "The suit really which would have been against Washington County and its agents, servants and employees is for negligence. And what you must determine in the first instance is whether or not Washington County and/or its agents, servants or employees were guilty of negligence which proximately caused the plaintiffs' injury.
". . . .
 "Your verdict will be in this form and this will go with you to the jury room. I will pose to you two questions and the first question is this: Based upon the evidence and the law as given to you by the Court, are you reasonably satisfied from the evidence that the plaintiffs would have recovered a verdict against Washington County and/or its agents, servants or employees in the lawsuit filed in that county had it not been dismissed? You would answer that question yes or no.
"If your answer is no, you would go no further.
 "If your answer is yes, then you would answer the second question which is this: If so, what damages do you find from the evidence the plaintiffs would have been entitled to recover from Washington County and/or its agents, servants or employees? And you'd fill in the amount for Mr. Johnson and Mrs. Johnson."
The jury answered the first question in the negative, finding that Plaintiffs would not have recovered against Washington County. The effect of that decision was that, Defendants' alleged legal malpractice notwithstanding, their conduct was not the proximate cause of any injury to Plaintiffs; therefore, the trial judge entered judgment for Defendants. Plaintiff Willis Johnson moved for a new trial. His motion was denied, and this appeal followed.
Defendants contend that the bifurcation issue was not timely preserved. As we have previously noted from the record, however, Plaintiff's counsel registered her opposition to the trial court's proposed bifurcation during the pre-charge conference and before closing arguments of counsel and the trial judge's charge to the jury. We hold, therefore, that this "objection" was sufficient to preserve the bifurcation issue for appellate review.
It is undisputed that, in a legal malpractice case, the plaintiff "must allege and prove that the actionable wrong proximately caused the damage for which recompense is sought."Mylar v. Wilkinson, 435 So.2d 1237, 1239 (Ala. 1983). See, also,Tyree v. Hendrix, 480 So.2d 1176 (Ala. 1985); Herston v.Whitesell, 374 So.2d 267 (Ala. 1979). That is, the plaintiff must show that, but for the defendant's negligence, he would have recovered on the underlying cause of action. Mylar v.Wilkinson, supra.
At first glance, we were generally inclined to agree with Plaintiff's allegation of error: That the trial court erred in bifurcating the underlying tort claims against Washington County from the legal malpractice claims against the lawyers. Upon a closer examination, however, we believe that "bifurcation" is not the dispositive issue here presented. Because we find that the underlying case (presenting Plaintiff's original claims against Washington County) was the only aspect of the legal malpractice case that contained any triable issues of fact, and because the procedure utilized in propounding the two separate questions to the jury (both relating to the underlying claim) is authorized by Rule 49, A.R.Civ.P., we hold that no bifurcation occurred, insofar as the jury trial is concerned.
In other words, under the undisputed facts, apart from the underlying claims, no triable issue of fact existed with respect to *Page 1027 
the claim of legal malpractice based on the alleged negligence of Defendants.[2] Therefore, when the trial court submitted to the jury the underlying claim against Washington County, it submitted the only aspect of the legal malpractice cause of action which presented any triable issue of fact. If the jury had found for the Plaintiffs on the two questions submitted to it, the trial judge would have then found for the Plaintiffs on their legal malpractice claim as a matter of law. In that event, the trial court would have entered judgment for the Plaintiffs in the respective amounts contained in the jury's answer to question number two, without further jury instructions.
Accordingly, we do not reach the issue respecting the propriety of the trial court's bifurcation of the separate aspects of the legal malpractice case. Certainly, nothing we have said in this opinion restricts the trial court's exercise of its discretion in utilizing special verdicts pursuant to Rule 49. Ordinarily, however, bifurcation for the purpose of permitting the jury to consider separate issues at separate times is not favored when all of the issues have been presented in a single trial.
Because we find that no bifurcation, in fact, occurred in the instant case, and because the jury answered the first of the two questions submitted to it in the negative (i.e., that Plaintiffs would not have recovered against Washington County), the judgment appealed from is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON, and STEAGALL, JJ., concur.
TORBERT, C.J., concurs in the result.
BEATTY, J., not sitting.
[1] Although Plaintiff's wife and Alabama Farm Bureau Mutual Casualty Insurance Company were added as plaintiffs in the legal malpractice action, they were never parties to the original suit against Washington County, nor are they parties to this appeal.
[2] We deem it appropriate to note that we are not saying that Defendants' failure to file the administrative claim as required by § 6-5-20 and § 11-12-8 necessarily barred Plaintiffs claim against Washington County. See Ex parte Cityof Huntsville, 456 So.2d 72 (Ala. 1984). But our consideration of this issue is foreclosed because counsel for Plaintiff failed to seek appellate review of the trial court's order granting Washington County's motion for summary judgment granted on this ground. In other words, our opinion in this case should not be construed as indicating how this Court would have resolved the failure-of-notice-of-claim issue if it had been presented for appellate review.