The plaintiff, Glenn L. McDuffie, appeals from a summary judgment in favor of the defendants, members of the law firm of Brinkley, Ford, Chestnut and Aldridge, an Alabama partnership (hereinafter referred to as the "Brinkley firm"). McDuffie contends that the defendants, as attorneys representing him, failed to exercise the proper standard of care in their representation and that their actions and/or omissions constituted legal malpractice that proximately caused him injury.
McDuffie's contentions arise out of Daniel Aldridge's representation of McDuffie in a civil action brought by McDuffie against Westinghouse Electric Corporation, Richard W. Hunt, and Ali Shojaee (hereinafter collectively referred to as "Westinghouse"). In that case, one defendant was dismissed with prejudice while the action was in Madison Circuit Court. The case was later transferred to the United States district court. On April 11, 1989, the district court granted a motion for summary judgment for the two remaining defendants. The trial court's decision was later affirmed by the 11th Circuit Court of Appeals. McDuffie v. Westinghouse Elec., 892 F.2d 88 (11th Cir. 1989).
Subsequently McDuffie sued the Brinkley firm in the Circuit Court of Madison County, alleging legal malpractice in its representation of him in the Westinghouse lawsuit.[1]
Specifically, McDuffie alleged that the Brinkley firm failed to file his lawsuit against Westinghouse in a timely manner, failed to investigate McDuffie's claim adequately, negligently added an improper defendant to the initial lawsuit, failed to diligently pursue the express wishes of the client, and failed to perform other terms and conditions of the firm's contract with him. The trial court found no merit to any of McDuffie's allegations.
Initially, we point out that a summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to provide "substantial evidence" in support of his position. Ala. Code 1975, § 12-21-12; Rule 56; Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990); Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794 (Ala. 1989). The trial court is required to view all of the evidence offered by the moving party, the Brinkley firm, in support of its motion in the light most favorable to the nonmovant, McDuffie. Hanners, supra, and Bass, supra. With this standard in mind, we now address the merits of McDuffie's contention.
We have stated before that in a legal malpractice case a plaintiff must prove, basically, the same that must be proven in an ordinary negligence suit. Moseley v. Lewis Brackin,533 So.2d 513, 515 (Ala. 1988); Tyree v. Hendrix, 480 So.2d 1176
(Ala. 1985). Thus, the elements McDuffie must prove in order to support his legal malpractice claim are a duty, a breach of that duty, an injury, that the breach was the proximate cause of the injury, and damages. Moseley, supra; Tyree, supra; andHerston v. Whitesell, 348 So.2d 1054 (Ala. 1977). In a legal malpractice case, the plaintiff must show that but for the defendant's negligence he would have recovered on the underlying cause of action, Johnson v. Horne, 500 So.2d 1024
(Ala. 1986), or must offer proof that the outcome of the case would have *Page 200 
been different. Hall v. Thomas, 456 So.2d 67 (Ala. 1984).
It is undisputed that the Brinkley firm did not file a complaint in McDuffie's case against Westinghouse until three months after the firm had agreed to take the case. However, McDuffie's complaint alleges that the Westinghouse defendants were all involved with the "Iran-Contra Affair" and were in a conspiracy to murder him. McDuffie sought civil damages based on these allegations. The Brinkley firm argues that because of the seriousness of the allegations and possible legal ramifications of filing such a suit it acted reasonably by investing much time into carefully investigating the merits of McDuffie's claims. McDuffie offered no evidence to refute the firm's evidence of reasonableness and offered no evidence to prove how he was damaged by the firm's delay. Although clearly the filing of the complaint was delayed, it was filed well within the statutory period of limitations. McDuffie has failed to show by substantial evidence that there is a genuine issue of material fact as to the Brinkley firm's delay in filing the complaint.
McDuffie's claim that the Brinkley firm failed to investigate his case is also not supported by substantial evidence. The only evidence of record is that the Brinkley firm hired Nancy Bence, a private investigator, for the specific purpose of investigating McDuffie's allegations prior to the filing of the complaint against Westinghouse. There was no other evidence offered by either party regarding this issue. Thus, this claim was not supported by the evidence.
McDuffie's claim concerning the Brinkley firm's alleged negligence in adding an improper defendant was also not supported by substantial evidence. The allegedly improper defendant was Shojaee, who was added at the insistence of McDuffie; however, the trial court found no proof to link Shojaee to the alleged conspiracy to murder McDuffie. In addition, McDuffie failed to offer any further proof to dispute the trial court's finding.
McDuffie makes two arguments based on a contention that the Brinkley firm's legal strategy for the case conflicted with his express wishes as a client. The Brinkley firm argues that it pursued a strategy in McDuffie's case that was well within the standard required of attorneys. The Brinkley firm offered the discovery documents as proof of its diligence in pursuing the express wishes of McDuffie without exposing him to further legal consequences. McDuffie offered no proof that any "standards" were breached by the Brinkley firm. McDuffie also claims that the $10,000 fee he paid to the Brinkley firm was not accounted for as he requested. However, the Brinkley firm offered undisputed evidence that over 100 hours were billed to McDuffie and it offered four volumes of pleadings that had accumulated over the several years of the Westinghouse litigation to justify its fee. As to both claims, McDuffie failed to show by substantial evidence that there was a genuine issue of material fact.
Therefore, from our review of the record, we conclude that McDuffie did not present to the trial court substantial evidence to create a genuine issue of material fact as to whether any negligence was committed by the Brinkley firm. Thus, the trial court correctly entered the summary judgment in favor of the defendants. That judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] McDuffie's original complaint was "filed pursuant to the Alabama Legal Services Liability Act," Ala. Code 1975, §§6-5-570 through -581, which became effective on April 12, 1988. McDuffie amended his complaint on January 16, 1990, to delete all references to the "Liability Act." The appellees contend that because all legal services rendered to McDuffie occurred prior to April 12, 1988, the "Liability Act" did not apply to the attorney/client relationship between the Brinkley firm and McDuffie. Because McDuffie amended his complaint to remove this reference, we need not reach the merits of the appellees' argument.