The plaintiffs, Richard and Sue Cribbs, appeal from a judgment entered pursuant to defendant Jesse W. Shotts's motion for a directed verdict in this legal malpractice case. We affirm.
The Cribbses and Stewart and Ann Hill purchased a piece of property known as the "Old Stone Foundry," for the purpose of generating rental income following its renovation. The Cribbses claimed that they had invested a disproportionate amount of money in the property and, therefore, engaged in negotiations with the Hills to sever their respective interests. After having failed to reach an agreement, on August 17, 1984, the Cribbses sued in the Bessemer Division of the Jefferson County Circuit Court for a sale of the property for a division of the proceeds and for an accounting. Pursuant to Ala. Code 1975, § 35-6-100, the Hills then notified the court of their interest in purchasing the Cribbses' interest in the property. The court heard the Hills' motion on September 13, 1985. The Cribbses' counsel, Jesse W. Shotts, was not present at the hearing because of his presence in a federal court. The judge entered an order setting the value of the property at $133,000, the amount set by the Cribbses' appraiser. The court-appointed appraiser had set the value of the property at $175,000. The Cribbses moved to amend the order, contending that $175,000 was the proper value of the property because that was the amount set by the court-appointed appraiser. Following the denial of their motion, the Cribbses appealed to this Court. In Cribbs v.Hill, 489 So.2d 524 (Ala.), cert. denied, 479 U.S. 932,107 S.Ct. 403, 93 L.Ed.2d 356 (1986), this Court summarily affirmed the judgment of the trial court.
On September 2, 1986, the Cribbses sued Jesse W. Shotts, their attorney during the sale for division proceedings, alleging legal malpractice, primarily because of Shotts's failure to appear at the hearing on September 13, 1985, and his failure to inform the Cribbses of that hearing or of the ruling of the court. The Cribbses alleged that they were entitled to damages for Shotts's failure to attend the hearing, because they claim that the court, before entering its order, did not have the benefit of evidence that could have been presented on behalf of the Cribbses.
The jury failed to reach a unanimous verdict and, therefore, on May 3, 1991, the trial court entered a judgment of mistrial. Upon Shotts's subsequent motion, the trial court entered a judgment in accordance with his motion for a directed verdict pursuant *Page 19 
to Rule 50(b), A.R.Civ.P. The court found that the Cribbses had failed to produce "evidence that [Shotts's] conduct probably caused the alleged damages suffered by the plaintiff[s] and that the results of the legal matter undertaken by the defendant in this case probably would have been favorable to the plaintiff[s] but for the negligence of the defendant."
The first issue presented is whether the conduct of the trial judge indicated bias and prejudice for which he should have recused himself. The Cribbses claim that certain comments made by the trial judge while ruling on objections displayed a bias against them. We have thoroughly reviewed the trial transcript and we conclude that this argument is without merit.
We note initially that "[t]he presumption in Alabama is that a judge is not prejudiced or biased." Ex parte Twintech Indus.,Inc., 558 So.2d 923, 926 (Ala. 1990) (emphasis original). Moreover, "[r]ecusal is not required when there has been a mere accusation of bias that is unsupported by substantial fact."Id. In light of that presumption, we conclude that the Cribbses failed to support their accusation by substantial fact. The record does not indicate "that the alleged bias resulted 'in an opinion on the merits on some basis other than what the trial judge learned from his participation in the case.' " Hartman v.Board of Trustees of Univ. of Ala., 436 So.2d 837, 841 (Ala. 1983) (quoting United States v. Grinnell Corp., 384 U.S. 563,583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778, 793 (1966)).
The second issue presented is whether the trial court erred in granting Shotts's motion for a judgment in accordance with his motion for a directed verdict pursuant to Rule 50(b), A.R.Civ.P. In Ogle v. Long, 551 So.2d 914 (Ala. 1989), this Court stated:
 "The standard of appellate review applicable to a motion for directed verdict is identical to the standard used by the trial court in granting or denying the motion initially. Thus, when reviewing the trial court's ruling on the motion, we determine whether there was sufficient evidence to produce a conflict warranting jury consideration. And, like the trial court, we must view any evidence most favorably to the nonmovant."
Id. at 915. Because this lawsuit was pending on June 11, 1987, the "scintilla rule" applies to our review of this case. See Ala. Code 1975, § 12-21-12.
In Moseley v. Lewis Brackin, 533 So.2d 513 (Ala. 1988), we recognized the following principles relating to a legal malpractice action:
 "What a plaintiff must prove, basically, is no different from what must be proved in any other negligence suit. 'To recover, the [plaintiff] must prove a duty, a breach of the duty, that the breach was the proximate cause of the injury, and damages.' Herston v. Whitesell, 348 So.2d 1054, 1057 (Ala. 1977). (Citations omitted.) 'A claim for malpractice requires a showing that in the absence of the alleged negligence the outcome of the case would have been different.' Hall v. Thomas, 456 So.2d 67, 68 (Ala. 1984). (Citations omitted.)"
Id. at 515. Moreover, with regard to the element of causation, "the plaintiff must show that, but for the defendant's negligence, he would have recovered on the underlying cause of action." Johnson v. Horne, 500 So.2d 1024, 1026 (Ala. 1986).
Applying these principles to the present circumstances, we hold that the trial court correctly entered a judgment in accordance with Shotts's motion for a directed verdict. The Cribbses failed to show that, but for Shotts's alleged negligence, the disposition of the sale for division proceeding would have been different. Although the result of the proceeding may have been different had Shotts been present at the hearing, the Cribbses were required to meet the higher burden of proving that the result would have been different. Without engaging in speculation, we are unable to say that the Cribbses met their higher burden.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED. *Page 20 
MADDOX, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.