The plaintiff appeals from a summary judgment entered for the defendants in a legal malpractice action based on the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala. Code 1975. Independent Stave Company, Inc., retained the defendants to file proof of its claim against the bankrupt estate in In re:David Shelby Lanier, III and Lou Ann Lanier, Debtor, Case No. 89-11485, pending in the United States Bankruptcy Court for the Northern District of Alabama. Independent Stave alleged that the defendants negligently failed to file timely proof of its claim and thereby caused Independent Stave to be barred from recovering $426,000 from the bankrupt estate of David and Lou Ann Lanier. In addition, Independent Steve seeks damages based on expenses incurred in its failed attempt in the bankruptcy court to remedy the alleged negligence.
Although the defendants entered a timely appearance in the bankruptcy proceedings and, simultaneously, filed a motion seeking a valuation of property owned by the bankrupt estate, the bankruptcy court held that this did not constitute a timely proof of claim against the estate. The court denied subsequent efforts by other counsel on behalf of Independent Stave to have the court reconsider this ruling.
In this malpractice action, the circuit court held:
 "The plaintiff, as a matter of law, cannot satisfy the prima facie elements of its legal service liability action against the defendants. In particular, the plaintiff cannot demonstrate that it has been injured or damaged as the proximate result of the defendants' alleged negligence, or that but for that alleged negligence the plaintiff would have recovered in the underlying bankruptcy proceeding. See, Herring v. Parkman, 631 So.2d 996
(Ala. 1994); Boros v. Baxley, 621 So.2d 240
(Ala. 1993); Cribbs v. Shotts, 599 So.2d 17 (Ala. 1992). Accordingly, the defendants' Motion for Summary Judgment is due to be GRANTED." *Page 772 
Independent Stave is not the only creditor with unpaid claims against the bankrupt estate of David and Lou Ann Lanier. The Internal Revenue Service has a tax lien against the Laniers for approximately $680,000. To date, it is unsatisfied. In addition to the federal tax lien, the amended disclosure statement filed with the bankruptcy court, in 1990, identifies at least nine secured creditors with claims totaling approximately $5,000,000. In the nearly five years between the Laniers' filing for bankruptcy and the entry of the summary judgment in this case, none of the creditors, including the Federal Government, had been paid. To that extent, the bankruptcy court's mention of possible payments to creditors based on the future sale of 11 acres of land for approximately $1,200,000, is, for the most part, inconsequential to Independent Stave's claim against the Laniers because of the enormous debt owed by the Laniers to the Federal Government and the secured creditors. See the court's order denying Independent Stave's motion to reconsider in In re: David Shelby Lanier, III and LouAnn Lanier, Debtor, Case No. 89-11485 (Bankr.N.D., Ala., Mar. 23, 1994).
This Court has recognized the following principles relating to a legal malpractice action:
 "[I]n a legal malpractice case a plaintiff must prove, basically, the same [elements] that must be proven in an ordinary negligence suit. Moseley v. Lewis Brackin, 533 So.2d 513, 515 (Ala. 1988); Tyree v. Hendrix, 480 So.2d 1176 (Ala. 1985). Thus, the elements [a plaintiff] must prove in order to support his legal malpractice claim are a duty, a breach of that duty, an injury, that the breach was the proximate cause of the injury, and damages. Moseley; Tyree; and Herston v. Whitesell, 348 So.2d 1054 (Ala. 1977). [Additionally,] [i]n a legal malpractice case, the plaintiff must show that but for the defendant's negligence he would have recovered on the underlying cause of action, Johnson v. Horne, 500 So.2d 1024 (Ala. 1986), or must offer proof that the outcome of the case would have been different. Hall v. Thomas, 456 So.2d 67
(Ala. 1984)."
McDuffie v. Brinkley, Ford, Chestnut Aldridge, 576 So.2d 198,199-200 (Ala. 1991). See also Herring v. Parkman, 631 So.2d 996
(Ala. 1994); Boros v. Baxley, 621 So.2d 240 (Ala. 1993), cert.denied, 510 U.S. 997, 114 S.Ct. 563, 126 L.Ed.2d 463 (1993);Cribbs v. Shotts, 599 So.2d 17, 19 (Ala. 1992), cited in the circuit court's order, quoted above.
Here, the parties do not dispute the fact that Independent Stave would have been a general unsecured creditor had the defendants properly filed a proof of claim with the bankruptcy court. 11 U.S.C. § 507 (1988). In fact, Independent Stave admits in its brief that it "cannot prove at this time that there will be any monies available to the unsecured creditors in the bankruptcy proceeding." With a total of approximately $6,000,000 owed to the Federal Government and the other secured creditors, it does not appear from the record that Independent Stave would have been in a position to recover any of its claim had proof been filed in a timely fashion by the defendants. Because Independent Stave would not have been in a position to recover any of its claim had timely proof been filed, its argument that it is entitled to damages based on attorney fees incurred after the alleged malpractice must fail. To prevail on the claim for attorney fees, Independent Stave would have to prove that it would have recovered on the underlying action. See Ex parte Burnham, Klinefelter, Halsey, Jones Cater, P.C.,674 So.2d 1287 (Ala. 1995).
Independent Stave did not present substantial evidence establishing that but for the defendants' negligence it would have recovered in the underlying action. Thus, the defendants' summary judgment is due to be affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, HOUSTON, INGRAM, and BUTTS, JJ., concur. *Page 773