[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 277 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 278 
 On Application for Rehearing
On July 8, 2005, this Court affirmed the trial court's summary judgment for Walter M. Northcutt without an opinion. In his application for rehearing, Gregory Dennis, the appellant, makes the following statement about this Court's issuance of a no-opinion affirmance in this case:
 "A reasonable inference could be fairly drawn . . . that this Court's decision to affirm the summary judgment entered in favor of [Northcutt] by the specially appointed acting circuit judge in this action (retired Alabama Supreme Court Chief Justice Perry O. Hooper, Sr.) with `NO OPINION' (without citing any controlling existing precedent) was due to this Court's unwillingness to embarrass the retired Chief Justice by reversing the second summary judgment entered by him in this action."
This assertion is erroneous. We withdraw our no-opinion affirmance of the trial court's judgment and substitute the following opinion therefor.
 I. Facts and Procedural History
This is the second time this legal-malpractice case has come before this Court. The first time, we reversed the trial court's summary judgment in favor of Northcutt and remanded the case for further proceedings. See Dennis v. Northcutt, 887 So.2d 219
(Ala. 2004). On remand, Northcutt again moved for a summary judgment, which the trial court granted, and Gregory Dennis appeals.
The essential facts underlying this dispute are as follows. Dennis retained Richard Meelheim and Christa Meelheim of Meelheim and Rea, P.C., to represent him in an employment-discrimination action in the federal district court. The district court dismissed that action, and Dennis subsequently retained Northcutt, who pursued a legal-malpractice action against Meelheim and Rea, P.C. ("the first malpractice action").[1]
After Northcutt successfully moved to withdraw as Dennis's counsel in the first malpractice case, Dennis pursued the legal-malpractice action against Meelheim and Rea pro se. Despite his efforts, the first malpractice action was dismissed, and he subsequently filed the instant legal-malpractice action against Northcutt.
Northcutt filed a motion for a summary judgment, which the trial court granted based on the statute of limitations set forth in § 6-5-574(a), Ala. Code 1975:
 "(a) All legal service liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier. . . ."
(Emphasis added.) This Court reversed the summary judgment, holding that the *Page 279 
discovery exception applied and that Dennis had filed the legal-malpractice claim against Northcutt within the six-month window provided by that exception. Dennis v. Northcutt,887 So.2d at 222.
Our decision was released on February 13, 2004. Northcutt filed another motion for a summary judgment on July 7, 2004. The trial court granted that motion on December 3, 2004, holding that Dennis had failed to produce substantial evidence indicating that, but for Northcutt's alleged breach of the standard of care, he would have prevailed in either his first malpractice action against Meelheim and Rea, who represented him in the employment-discrimination action, or in the employment-discrimination action itself. See, generally,Independent Stave Co. v. Bell, Richardson Sparkman, P.A.,678 So.2d 770, 772 (Ala. 1996) ("`[I]n a legal malpractice case, the plaintiff must show that but for the defendant's negligence he would have recovered on the underlying cause of action. . . .'" (quoting McDuffie v. Brinkley, Ford, Chestnut Aldridge,576 So.2d 198, 199 (Ala. 1991))). See also § 6-5-579(a), Ala. Code 1975 ("If the liability to damages of a legal services provider is dependent . . . upon the resolution of a[n] underlying action . . . the court shall upon the motion of the legal services provider, order the severance of the underlying action for separate trial."). The trial court's order states:
 "With the exception of a one-year stay during appeal, the parties have had approximately eighteen (18) months since the filing of this lawsuit to conduct discovery. Despite the lengthy discovery period, the plaintiff is unable to provide the Court with sufficient proof to overcome summary judgment.
". . . .
 "To overcome a summary judgment motion in a legal services liability action, a plaintiff must introduce evidence that in the absence of the alleged negligence, the outcome of the underlying case would have been different. . . . Although the plaintiff has produced the affidavit of George Huddleston, Esquire, to support his claim against the defendant,[2] he has failed to offer any evidence to reinforce the underlying claim against either Ms. Meelheim [one of the attorneys who represented Dennis in his employment-discrimination action][3] or Scott Paper Company [the defendant in the employment-discrimination action]."
 II. Standard of Review
"The standard of review applicable to a summary judgment is the same as the standard for granting the motion. . . ." McClendonv. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958
(Ala. 1992).
 "A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. The burden is on the moving party to make a prima facie *Page 280 
showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present `substantial evidence' creating a genuine issue of material fact — `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Ala. Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
Capital Alliance Ins. Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994).
 III. Analysis A.
Dennis appears to argue that he is required to produce substantial evidence indicating only that the result of hisfirst malpractice action would have been different but for the alleged breach of the standard of care by Northcutt. He contends that he is not required to produce substantial evidence indicating that the result of the employment-discriminationaction would have been different but for a breach of the standard of care by his attorneys in theemployment-discrimination action. In other words, Dennis argues that in the instant case the "underlying action" to which cases like Independent Stave Co. refer is Dennis's legal-malpractice case against his attorneys in the employment-discrimination case, i.e., the first malpractice action, not the underlying employment-discrimination action itself. See Independent StaveCo., 678 So.2d at 772 ("`[i]n a legal malpractice case, the plaintiff must show that but for the defendant's negligence he would have recovered on the underlying cause of action'") (quoting McDuffie v. Brinkley, Ford, Chestnut Aldridge,576 So.2d at 199 (emphasis added)).
We do not agree with Dennis's argument. How can he satisfy his burden of showing that, but for a breach of the standard of care by Northcutt, the outcome of the first malpractice action would have been different, without also showing a breach of the standard of care by his attorneys in the employment-discrimination action, as well as showing that, but for such a breach, the outcome of the employment-discrimination action would have been different? He cannot. For Dennis to prevail in his malpractice action against Northcutt, he must show that, but for Northcutt's breach of the standard of care, he would have prevailed in the first malpractice action. And in order to show that he would have prevailed in his first malpractice action, he must show a breach by Meelheim and Ray in representing him in his employment-discrimination action and that, but for that breach, he would have prevailed in his employment-discrimination action. It is a case within a case within a case. And as the trial court noted, "[Dennis] has failed to offer any evidence to reinforce the underlying claim against either Ms. Meelheim [one of the attorneys representing Dennis in the employment-discrimination action] or Scott Paper Company [the defendant in the employment-discrimination action]."
 B.
Dennis argues that Northcutt did not meet his burden of production in moving for a summary judgment. In Ex parte GeneralMotors Corp., 769 So.2d 903, 909 (Ala. 1999), this Court stated: *Page 281 
 "`If the burden of proof at trial is on the nonmovant, the movant may satisfy the Rule 56 burden of production either by submitting affirmative evidence that negates an essential element in the nonmovant's claim or, assuming discovery has been completed, by demonstrating to the trial court that the nonmovant's evidence is insufficient to establish an essential element of the nonmovant's claim. . . .'"
(Quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala. 1989) (Houston, J., concurring specially) (first emphasis in original; second emphasis added).) We agree with the trial court that Northcutt made a sufficient showing that Dennis's evidence was insufficient to establish an essential element of his claim, i.e., that, but for a breach of the standard of care by Northcutt, Dennis would have recovered on his first malpractice action, which, as noted, necessarily requires a showing that, but for a breach by his attorneys in the employment-discrimination action, he would have recovered on his employment-discrimination action, and a showing that his employment-discrimination attorneys breached the applicable standard of care. Northcutt pointed out in his motion for a summary judgment that Dennis has failed to produce any evidence that might satisfy the elements of a discrimination claim under Title VII of the 1964 Civil Rights Act, or any evidence indicating that the attorneys in his employment-discrimination action breached the standard of care, and the record supports Northcutt's contentions.
 C.
Dennis contends that, even if he failed to produce evidence sufficient to survive a summary-judgment motion, the trial court impermissibly entered that judgment before discovery was complete. In his statement of the issues, Dennis asks:
 "Since Northcutt . . . filed his second motion for summary judgment against Dennis . . . prior to the expiration of the discovery cut-off date set by the trial judge in his scheduling conference, did Northcutt satisfy his burden of production of evidence in support of his motion for summary judgment prior to the expiration of the discovery cut-off date . . .?"
(Emphasis added.) The extent to which Dennis develops this issue in the argument section of his brief is as follows:
 "Furthermore, even if [a showing that the outcome of the employment-discrimination action would have been different but for a breach of the standard of care is required], Judge Hooper granted Northcutt's summary judgment before discovery was completed."
The only discovery cut-off date specifically mentioned by Dennis in his brief is mentioned on page 4: "On December 9, 2002, Judge Hooper signed a Scheduling Order in this Case. In that Order Judge Hooper ordered that the discovery cut-off was February 10,2003." (Emphasis added.) Obviously, this occurred before the trial court granted Northcutt's first motion for a summary judgment, which this Court ultimately reversed in February 2004. The summary judgment from which the instant appeal was taken was entered on December 3, 2004, almost two years after the February 10, 2003, cut-off date. If the trial court set another discovery cut-off date after this Court's reversal, Dennis has not specified what that date was. In any event, this Court stated in Reeves v. Porter, 521 So.2d 963, 965 (Ala. 1988):
 "The mere pendency of discovery does not bar summary judgment. If the trial court from the evidence before it, or the appellate court from the record, can ascertain that the matter subject to production was crucial to the non-moving *Page 282 
party's case (Parrish v. Board of Commissioners of Alabama State Bar, 533 F.2d 942 (5th Cir. 1976)) or that the answers to the interrogatories were crucial to the non-moving party's case (Noble v. McManus, 504 So.2d 248 (Ala. 1987)), then it is error for the trial court to grant summary judgment before the items have been produced or the answers given. However, the burden of showing that these items are crucial is upon the non-moving party."
Dennis has not shown that he has even attempted any further discovery, and he did not request the trial court to grant him a continuance before it ruled on Northcutt's motion for a summary judgment. Accordingly, we conclude that the trial court did not err in entering a summary judgment in favor of Northcutt almost three years after Dennis filed his complaint, even if the court did so before the alleged discovery cut-off date. As the trial court stated in its order, Dennis had approximately 18 months (after subtracting the time during which Dennis's first appeal was pending) in which to conduct discovery.
 D.
Dennis's final argument concerns his claim, set forth in his complaint, that Northcutt embezzled funds Dennis had paid him for discovery expenses. However, Dennis made no mention of this claim in his response to Northcutt's motion for a summary judgment, and the record contains no transcript of the hearing on the summary-judgment motion. Therefore, we conclude that Dennis has waived any embezzlement claim he might have had. In any event, he cites no evidence to support such a claim.
 E.
In addition to attacking the integrity of this Court in his application for rehearing, Dennis also argues that the summary judgment violates his due-process rights in that it deprives him of his property rights in a civil action without due process of law. Dennis did not make this argument in his briefs on original submission, and we decline to consider it for the first time on rehearing. Water Works Sewer Bd. of Selma v. Randolph,833 So.2d 604, 608 (Ala. 2002).
 IV. Conclusion
We affirm the trial court's summary judgment.
NO-OPINION AFFIRMANCE OF JULY 8, 2005, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] The first time this case came before this Court, we described the defendant in the first malpractice action as Meelheim and Rea, P.C. Dennis v. Northcutt, 887 So.2d at 220. Dennis, in his brief in this appeal, states that the defendants were Christa H. Meelheim and Meelheim and Rea, P.C.
[2] Huddleston's affidavit states:
 "I have reviewed the [first malpractice action] in preparation of offering expert testimony. Based on the facts represented to me and as contained in the pleadings, I am of the opinion that Walter Northcutt failed to exercise such reasonable care, skill and diligence as other similarly situated legal service providers in the same general line of practice in the same general area ordinarily have and exercise in a like case during his representation of Gregory Dennis."
[3] As noted, Dennis describes the defendants in the first malpractice action as Christa H. Meelheim and Meelheim and Rea, P.C. To the extent that the corporation's liability in the first malpractice action is at issue in this case, that liability is necessarily dependant upon Ms. Meelheim's liability.