PER CURIAM.
The plaintiff in this case, Marcella A. Mathis, sued General Motors Corporation (“G.M.”), alleging defective design of the rear window of the trucks it manufactures. This action followed the death of her husband as a result of a single-vehicle accident. The trial judge entered summary judgment in favor of G.M. after it offered affidavits indicating that the design of the truck window was reasonably safe for its intended use, and that the truck met all of the applicable Federal motor vehicle safety standards when it left the G.M. plant. We affirm.
The decedent, Willie A. Mathis, was driving a 1978 GMC ¾-ton pickup truck when, according to the complaint filed by Mrs. Mathis, he had a seizure that threw his head backward into the rear window and caused him to lose control of his truck. Mrs. Mathis contends that as a result of the impact with the rear window her husband wrecked the truck and was injured and was in a coma until his death. Mrs. Mathis alleged that the design and placement of the rear window were defective. Although G.M. offered two affidavits, which were sufficient to make a prima fa-cie showing that the design was not defective, Mrs. Mathis offered nothing concerning the allegedly defective design of the window other than her own allegations thereof. This is simply not the “substan-tia) evidence” required to withstand a properly supported motion for summary judgment. Therefore, the summary judgment was proper. See Rule 56, A.R.Civ.P.
Mrs. Mathis further contends that the trial judge erred in denying her motion to alter, amend, or vacate the judgment pursuant to Rule 59(e), A.R.Civ.P. We have examined the record and conclude that there was no abuse of discretion on the part of the trial judge in denying that motion.
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS and STEAGALL, concur.