William Fletcher Brewer and Sarah Brewer appeal from a summary judgment in favor of Gradison A. Woodall and North Alabama Fabrication Company ("North Alabama"). We conclude that the trial court properly entered the summary judgment; therefore, we affirm.
The Brewers' complaint alleged that during the early evening hours of December 19, 1989, William Brewer was situated with his automobile off of the edge of the pavement of Interstate Highway 65 near Cullman, Alabama. It alleged that he was standing at the left side of the front of his automobile and that while standing there he was struck by a passing truck of the type commonly referred to as an "18-wheeler."
The Brewers alleged that Woodall, in the course of his employment with North Alabama, was the operator of the truck that struck William Brewer. The Brewers claimed that Woodall had negligently allowed the truck to strike William Brewer and injure him. William Brewer sued for money damages based on his alleged personal injuries, and his wife Sarah sued for damages for loss of consortium. Woodall and North Alabama denied the allegations of the complaint and, alternatively, alleged contributory negligence and assumption of the risk, and pleaded sudden emergency.
Woodall stated in his deposition that he did not believe that he had struck a person, but believed that he had struck a deer or an inanimate object in the form of a "scarecrow." Although Brewer claimed that the truck that struck him was operating with only one headlight, Woodall stated that both of his truck's headlights were functioning on the evening of the alleged accident and that the object Woodall struck broke a headlight upon impact. At the time of the accident, it was dark, and Woodall claimed that if William Brewer had an automobile beside the highway it was not illuminated in any manner. Woodall stated that he was not aware of anything on the side of the highway until the impact.
Woodall further stated that following the accident he drove to the nearest exit and asked a restaurant waitress to call the police. Woodall stated that when an officer arrived, he told the officer that he had struck an object while travelling on I-65. He further said he told the officer that he believed something may have been thrown into the path of his truck. Woodall also stated that the officer said that he had arrived at the restaurant from that direction, but he had not seen an automobile at the location described by Woodall.
Woodall said the officer then returned by himself to the location, but that he returned to the restaurant, where Woodall had remained, without having found anything. Woodall said that he and the officer then returned to the area, but found nothing in the vicinity other than a pile of garbage, and that they then parted. Woodall stated that when he returned to the area during the next couple of days, he found material with which one would construct a scarecrow.
The trial court entered a summary judgment in favor of Woodall and North Alabama, and denied the Brewers' Rule 59(e), A.R.Civ.P., motion to alter, amend, or vacate that summary judgment. In ruling on the motion for a summary judgment, the trial court had before it nothing other than the pleadings and Woodall's deposition. The Brewers had offered nothing in opposition to the motion. The Brewers argue that the pleadings and Woodall's deposition establish a genuine issue of material fact with regard to whether Woodall caused William Brewer's injuries, and therefore, that the summary judgment was improper. *Page 372 
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires the trial court, in order to enter a summary judgment, to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quoting Schoen v. Gulledge, 481 So.2d 1094, 1096-97
(Ala. 1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756,758 (Ala. 1986); Harrell v. Reynolds Metals Co.,495 So.2d 1381 (Ala. 1986). See also Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990).
Because this action was not pending on June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that the Brewers meet their burden by "substantial evidence." Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." Schwarzer, SummaryJudgment Under the Federal Rules: Defining Genuine Issues ofMaterial Fact, 99 F.R.D. 465, 481 (1982).
Considering the complete absence of evidence produced on behalf of the Brewers, we are unable to conclude that the Brewers met their burden under the substantial evidence test. We stated in White v. Law, 454 So.2d 515 (Ala. 1984), that "[a]ffidavits and other evidence offered in response to a summary judgment motion must present facts that would be admissible into evidence, and must be more than a mere statement of allegations contained in the pleadings."Id. at 519-20. See also Mathis v. General MotorsCorp., 571 So.2d 290, 291 (Ala. 1990) (plaintiff's own allegations were insufficient under the "substantial evidence" rule to "withstand a properly supported motion for summary judgment").
The only evidence before the trial court at the time of its ruling on the motion for summary judgment was Woodall's deposition. This deposition, standing uncontroverted, entitled Woodall and North Alabama to a judgment as a matter of law on the issues of negligence and wantonness. That is, Woodall's deposition offers no evidence supporting an inference of negligent or wanton operation of his truck that caused Brewer's alleged injuries. Brewer has presented no other evidence to raise an issue of material fact as to negligence or wantonness. Therefore, the judgment is affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur. *Page 373