887 So.2d 219 (2004)
Gregory DENNIS
v.
Walter NORTHCUTT.
No. 1021266.
Supreme Court of Alabama.
February 13, 2004.
*220 Joseph J. Boswell, Mobile, for appellant.
Submitted on appellant's brief only.
SEE, Justice.
In February 1998, Gregory Dennis retained attorney Walter Northcutt to represent him in a legal-malpractice action against the law firm Meelheim and Rea, P.C.[1] Northcutt represented Dennis in his suit against Meelheim and Rea; however, on September 9, 1999, Northcutt moved to withdraw as counsel, stating that he and Dennis were no longer able to work together and that it would be in Dennis's best interest to be represented by another attorney. On February 17, 2000, the trial court granted Northcutt's motion. Dennis thereafter proceeded pro se in his action against Meelheim and Rea; however, the case was dismissed on December 7, 2000. On February 14, 2002, Dennis filed the present legal-malpractice action against Northcutt. Dennis's complaint alleged that Northcutt's negligence and fraud was the reason his action against Meelheim and Rea was dismissed. Northcutt, arguing that the two-year statute of limitations for legal-malpractice actions applies and that Dennis did not file his action within the statutory limitations period, moved for a summary judgment. The trial court granted Northcutt's motion and entered a summary judgment in his favor. Dennis now appeals, arguing that his action was filed within the two-year limitations period. We agree.

I.
"The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala.1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990)."
Brewer v. Woodall, 608 So.2d 370, 372 (Ala.1992). Accordingly, this Court reviews de novo the issue whether Dennis's claims are barred by the two-year statute of limitations for legal-malpractice actions.

II.
In Alabama, all legal-malpractice claims are governed by the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala.Code 1975 ("ALSLA"). Section 6-5-574(a) of the ALSLA states that such claims
"must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four *221 years after such act or omission or failure...."
"Under § 6-5-574, `a legal-malpractice cause of action accrues, and the statute-of-limitations period begins to run, when "the act or omission or failure giving rise to the claim" occurs, and not when the client first suffers actual damage.'" Ex parte Seabol, 782 So.2d 212, 214 (Ala.2000) (quoting Ex parte Panell, 756 So.2d 862, 868 (Ala.1999)). Dennis filed his claim against Northcutt on February 14, 2002. Therefore, in order for the claim to be timely, the acts or omissions that form the basis of the claim must have occurred on or after February 14, 2000. Northcutt argued in his summary-judgment motion[2] that, because he did not work on Dennis's case after he filed the motion to withdraw on September 9, 1999, and because Dennis has not specifically alleged that he committed any negligent acts after that date, any negligent acts he might have committed necessarily occurred before September 9, 1999. Therefore, he argues, the two-year statutory limitations period would have begun to run, at the very latest, on September 9, 1999, and expired on September 9, 2001  five months before Dennis filed his legal-malpractice action against Northcutt.
However, while Northcutt may be correct that the complaint was filed more than two years after any act giving rise to it occurred, he fails to recognize the exception in § 6-5-574(a)  "if the cause of action is not discovered and could not reasonably have been discovered within such period...." In such a circumstance, § 6-5-574(a) allows an action to be commenced "within six months from the date [the cause of action was discovered]." Dennis alleges that, because of Northcutt's misrepresentations, he did not become aware of Northcutt's wrongful conduct until November 2001, when he received a response to a complaint concerning Northcutt that he had filed with the Alabama State Bar.[3] Assuming that Northcutt is correct in saying that the statutory limitations period expired on September 9, 2001, because Dennis received that response in November 2001, after the limitations period had run the plain language of § 6-5-574(a) gave Dennis six months from November 2001 in which to file a legal-malpractice action against Northcutt. His February 14 complaint was filed within that six-month period and was therefore timely.[4]

III.
Dennis has alleged that he was unable to discover Northcutt's wrongful conduct until November 2001, more than two years after that conduct occurred. He sued Northcutt in February 2002. Because § 6-5-574(a), Ala.Code 1975, allows a legal-malpractice action to be filed within six months of the date the alleged wrongful conduct is discovered, if it was not discovered within two years of its occurrence, *222 Dennis's claim was not barred by the statute of limitations. Northcutt was not, therefore, entitled to a judgment as a matter of law. For that reason, we reverse the trial court's summary judgment, and we remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BROWN, HARWOOD, and STUART, JJ., concur.
LYONS, J., concurs in the result.
LYONS, Justice (concurring in the result).
Consistent with my views expressed in my special writing in Ex parte Panell, 756 So.2d 862, 872 (Ala.1999) ("the limitations period [in § 6-5-574] begins to run on the date the injury or harm occurs and not on the date of the occurrence of the act that caused the injury or harm"), I respectfully concur in the result.
NOTES
[1] Dennis alleged that Meelheim and Rea had failed to adequately represent him in an employment-discrimination action he had brought against his former employer, Scott Paper Company.
[2] Northcutt has not filed a brief with this Court on appeal.
[3] Dennis asserts that in that response he obtained materials relevant to his case against Meelheim and Rea that had not been included in his case file when Northcutt gave him the file after Northcutt withdrew as his counsel. The materials indicated, he claims, that Northcutt had been misleading both Dennis and opposing counsel about the status of discovery in the case.
[4] Section 6-5-574(b), Ala.Code 1975, applies the saving provision for fraud actions generally to legal-malpractice actions. See § 6-2-3, Ala.Code 1975. Therefore, Dennis may actually have had two years from the date he discovered the alleged fraud within which to file his complaint. However, because Dennis's complaint was filed within the six-month period allowed by § 6-5-574(a), it is unnecessary to determine whether § 6-2-3 is implicated in this case.