STUART, Justice.
Chemical Lime of Alabama, Inc., a defendant in 18 consolidated actions pending in the Tuscaloosa Circuit Court, petitions this Court for a writ of mandamus directing the judge of the Tuscaloosa Circuit Court to grant its motions for a summary judgment.[2] Chemical Lime argues that the plaintiffs failed to exercise due diligence in not substituting Chemical Lime for a fictitiously named defendant in these cases until after the applicable two-year statutory periods of limitations, §§ 6-2-38 *596 and 6-5-410, Ala.Code 1975, had expired as to the plaintiffs’ claims asserting wrongful death and personal injury.

Facts

On September 23, 2001, two explosions occurred at mine # 5, a coal mine owned and operated by Jim Walter Resources, Inc., in Brookwood. Thirteen miners were killed and several miners were injured in the explosions. The injured miners and the administrators of the estates of the 13 deceased miners (hereinafter referred to collectively as “the plaintiffs”) sued Jim Walter Resources, Inc., and fictitiously named defendants, alleging breach of implied warranty of merchantability, failure to warn, negligence and wantonness, and claims based on the Alabama Extended Manufacturer’s Liability Doctrine.[3]
On April 2, 2004, the plaintiffs moved to amend the complaints to add Chemical Lime as an additional defendant. Chemical Lime manufactures limestone rock dust, which is applied to areas of a coal mine where coal dust can become suspended in the air, in order to neutralize the highly explosive characteristic of floating coal dust. Although Georgia Marble Company, another provider of limestone rock dust to mine # 5, was named as a defendant within the two-year limitations period, Chemical Lime was not named as a defendant until almost seven months after the expiration of the two-year limitations period.
Chemical Lime moved to dismiss certain of the claims against it on the ground that the statute of limitations for all claims asserted in the wrongful-death cases, with the exception of the claims of the surviving plaintiffs alleging breach of implied warranty of merchantability, clearly expired on September 23, 2003. The trial court denied Chemical Lime’s motion.
Chemical Lime petitions this Court for a writ of mandamus directing the trial court to enter a summary judgment for Chemical Lime on those claims as to which the statute of limitations is two years.

Standard of Review

“ ‘[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Horton, 711 So.2d 979, 983 (Ala.1998). ‘Subject to certain narrow exceptions ..., the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus.’ Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761 (Ala.2002)(citing Ex parte Jackson, 780 So.2d 681, 684 (Ala.2000)).”
Ex parte Alloy Wheels Int’l, Ltd., 882 So.2d 819, 821-22 (Ala.2003). One of the “narrow exceptions” to the general rule that a ruling on a summary-judgment motion is not reviewable by a petition for a writ of mandamus is the denial of a summary-judgment motion when “the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as the *597 party the plaintiff intended to sue.” Ex parte Snow, 764 So.2d 531, 537 (Ala.1999). In reviewing the grant or denial of a summary-judgment motion,
“ “we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant.’
“Brewer v. Woodall, 608 So.2d 370, 372 (Ala.1992).
“ ‘A summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The party moving for the summary judgment, here [Chemical Lime], has the burden of establishing a prima facie showing that there is no genuine issue of material fact. Berner v. Caldwell, 543 So.2d 686 (Ala.1989). If the moving party makes such a showing, then the burden shifts to the nonmoving party to rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’
“Young v. La Quinta Inns, Inc., 682 So.2d 402, 403 (Ala.1996).”
Ex parte Alloy Wheels, 882 So.2d at 822.

Discussion

Chemical Lime argues that it is entitled to a summary judgment on those claims asserted against it that are governed by a two-year statute of limitations because the plaintiffs did not amend their complaints to substitute Chemical Lime for a fictitiously named defendant until the two-year limitations period had expired. Chemical Lime contends that the plaintiffs have clearly not met their burden of invoking the relation-back principle of Rule 15(c)(4), Ala. R. Civ. P., applicable to fictitious-party practice under Rule 9(h), Ala. R. Civ. P. According to Chemical Lime, the plaintiffs have failed to act with the required due diligence in identifying Chemical Lime as one of the fictitiously named defendants in their complaints.
Rule 9(h), Ala. R. Civ. P., states:
“(h) Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when that party’s true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.”
Rule 15(c)(4) provides that “[a]n amendment of a pleading relates back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).” This Court has explained:
“Rule 9(h) and Rule 15(c), Ala. R. Civ. P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. In order for the substitution to relate back, the plaintiff must have been ignorant of the true identity of the defendant and must have used due diligence in at *598 tempting to discover it. Jones v. Resorcon, Inc., 604 So.2d 370 (Ala.1992).
“This Court discussed the due diligence standard in Davis v. Mims, 510 So.2d 227, 229 (Ala.1987). There, we stated that ‘[t]he correct test is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously.’ ”
Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala.1995). See also Pearson v. Brooks, 883 So.2d 185 (Ala.2003).
Chemical Lime maintains that the plaintiffs did not exercise due diligence because, it argues, the plaintiffs knew or should have known its identity in December 2002, or soon thereafter. According to Chemical Line, the plaintiffs had knowledge of two extensive reports on these explosions, one released by the United States Department of Labor Mine Safety and Health Administration on December 11, 2002, and the other released by United Mine Workers of America (hereinafter “the UMWA”) on January 22, 2003. Both reports were culminations of an enormous amount of research and investigation done by the UMWA and the federal government and provide detailed analyses and discussions about the explosions. The UMWA report stated that Jim Walter Resources purchased rock dust for mine # 5 from several suppliers and that the “bulk” rock dust purchased was not satisfactory. The report further identified Chemical Lime as a provider of bulk limestone rock dust at mine # 5, specifically stating that Chemical Lime had provided 1,360 tons of bulk rock dust in the months immediately preceding the explosions. Additionally, Chemical Lime states that the UMWA report included specific criticisms of the quantity and quality of bulk rock dust used at mine # 5. Chemical Lime- maintains that because -the plaintiffs’ counsel had access to this report immediately after it was published, the plaintiffs had at least eight months before the expiration of the limitations period to substitute Chemical Lime for one of the fictitiously named defendants in the complaints. Consequently, Chemical Lime asserts that the plaintiffs’ lack of diligence is clear, that the relation-back doctrine clearly does not apply, and that Chemical Lime should be dismissed from the actions with regard to all claims except the surviving plaintiffs’ claims of breach of warranty of merchantability.
Chemical Lime submitted sufficient evidence indicating that the plaintiffs had knowledge of the UMWA report detailing the problems with the bulk rock dust and identifying Chemical Lime as a supplier of bulk rock dust at least eight months before the limitations period expired. The burden then shifted to the plaintiffs to present evidence to establish that they had exercised due diligence in identifying Chemical Lime as the defendant described fictitiously in the complaints.
The evidence presented by the plaintiffs does not establish that they exercised due diligence in attempting to discover that Chemical Lime was a supplier of bulk rock dust at mine #5. In their answer to Chemical Lime’s petition, the plaintiffs do not deny that they had knowledge of the UMWA report, and they admit that the report detailed a problem with the bulk rock dust supplied for mine # 5 and referenced Chemical Lime as a supplier of the rock dust. While the plaintiffs maintain that in light of the volumes of documents that were produced during discovery, it was understandable that they did not identify Chemical Lime as one of the fictitiously named parties, the plaintiffs do not present evidence to establish that they did not know or should not have known that Chemical Lime was in fact a supplier of bulk rock dust described fictitiously in the *599 complaints. Indeed, the plaintiffs do not present evidence to establish that they asked Jim Walters Resources to identify its supplier of bulk rock dust and that Jim Walters Resources refused to answer. Additionally, the plaintiffs do not present a timeline as to how they diligently sought to identify Chemical Lime as the supplier of the bulk rock dust and one of the fictitiously named defendants. Cf. Oliver v. Woodward, 824 So.2d 693 (AIa.2001)(detailing the diligence the plaintiff took to identify the appropriate fictitiously named defendants). Therefore, the plaintiffs do not present evidence to refute the evidence that, within the limitations period, they had knowledge of the UMWA report and that the report unequivocally identified a problem with the bulk rock dust and identified Chemical Lime as a supplier of the rock dust. Therefore, the plaintiffs do not establish that they exercised due diligence (i.e., that they should not have known or were not on notice) in identifying Chemical Lime as a supplier of bulk rock dust to mine # 5 and in substituting Chemical Lime for a fictitiously named defendant. As we reminded in Ex parte Snow:
“ We are not oblivious to the reality of these hard facts. But we are constrained by the time limits imposed by the legislature on the commencement of actions. Counsel’s obligation to act in good faith and to act consistently with high ethical standards requires that counsel strike a balance between, on the one hand, the obligation to present, within the period of limitations, the full range of claims essential to protect the interests of a plaintiff, and, on the other hand, the competing obligation to refrain from bringing groundless or frivolous claims. Whether it would be wise to create an exception to the statute of limitations when a defendant has not been joined on account of counsel’s good faith efforts to satisfy these competing obligations is not properly a question for this Court. We recognize that because we are declining to engage in a legislative function, a potentially liable defendant might have a valid statute-of-limitations defense under such circumstances. But this dilemma is as old as statutes of limitations. However, second-guessing the wisdom of any choice between these competing obligations should be undertaken only with a high degree of deference and great caution, lest we promote an unhealthy public policy of pressuring a plaintiff to assert claims that ought not be pursued.’ ”
764 So.2d at 537-38 (quoting Marsh v. Wenzel, 732 So.2d 985, 990 (Ala.1998)).
Chemical Lime has clearly demonstrated that the plaintiffs did not exercise due diligence in naming it in place of a fictitious defendant; therefore, the relation-back doctrine does not apply. Thus, Chemical Lime has shown a clear legal right to mandamus relief and is entitled to dismissal on those claims asserted against it that were not asserted within the two-year limitations period. “A writ of mandamus is proper in a case such as this if the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue. See Ex parte Stover, 663 So.2d 948, 952 (Ala.1995); Ex parte FMC Corp., 599 So.2d 592, 595 (Ala.1992).” Ex parte Snow, 764 So.2d at 537.

Conclusion

The petition for the writ of mandamus is granted. The trial judge is directed to vacate his order denying Chemical Lime’s motion and to enter a summary judgment for Chemical Lime on those claims against it not asserted within the two-year limitations period.
*600 PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, SMITH, and PARKER, JJ., concur.
BOLIN, J., concurs in the result.

. Although Chemical Lime’s pleading was styled as a “motion to dismiss,” the trial court considered matters outside the pleadings; therefore, the motion to dismiss was converted into a motion for a summary judgment. See Phillips v. AmSouth Bank, 833 So.2d 29, 31 (Ala.2002)(“'[WJhere matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment ... regardless of its denomination and treatment by the trial court.' ” (quoting Boles v. Blackstock, 484 So.2d 1077, 1079 (Ala.1986))).

. It appears that at least some of the plaintiffs have alleged breach-of-warranty claims for injuries suffered after the explosions and before their deaths. See generally Benefield v. Aquaslide'n'Dive, 406 So.2d 873 (Ala.1981). Those claims are governed by a four-year statute of limitations. § 7-2-725, Ala.Code 1975. Chemical Lime requested relief in its petition only for the claims governed by a two-year statute of limitations; therefore, our holding is limited to the relief requested for the claims of the plaintiffs having a two-year limitations period.