[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 14, 2006
THOMAS  K. KAHN
CLERK

No. 05-13608
Non-Argument Calendar

_____

D. C. Docket No. 05-00674-CV-H-S

SANDRA JOHNSON GARDNER,

Plaintiff-Appellant,

versus

JIMMY A. BELL,
Attorney,
EVERALD F. THOMPSON,
Attorney,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 14, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Sandra Johnson Gardner appeals the judgment on the pleadings against her claim of legal malpractice and argues the district court erroneously determined her claim was time-barred under the Alabama Legal Services Liability Act. See Ala. Code § 6-5-574(a). We affirm.

Jimmy A. Bell and Everald F. Thompson are attorneys who represented Gardner in a putative class action suit against the Department of Veteran Affairs. Gardner alleged that Bell and Thompson failed to respond timely to a request for admissions the Department served on Gardner that was due on June 4, 2002. The Department refused a request by Bell and Thompson to extend the time to respond and filed a notice of default of discovery obligation. On September 30, 2002, Bell and Thompson allegedly facilitated a fraud on the court by enlisting a plaintiff to forge the signature of a judge on a motion to extend discovery. On January 3, 2003, the district court granted summary judgment for the Department on the basis of the discovery default and attempted fraud.

On January 7, 2005, Gardner, a resident of Alabama, filed suit against Bell and Thompson in the Circuit Court of Jefferson County, Alabama, and sought $10,000,000 in damages for legal malpractice. Bell and Thompson, both residents of Maryland, removed the action to federal court and moved for judgment on the

2

pleadings on the ground that Gardner's claim was time-barred under the Alabama Legal Services Liability Act. See Ala. Code § 6-5-574(a). The district court granted judgment on the pleadings because Gardner's claim was time-barred.

Gardner appeals pro se and argues the district court erroneously concluded that Gardner's claim of legal malpractice was time-barred and ignored evidence she offered with her pleadings. We liberally construe Gardner's arguments in deference to her pro se status. See McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994). "We review a judgment on the pleadings de novo. . . . [and] accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001) (internal citations omitted). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Id.

The district court correctly concluded that Gardner's claim of legal malpractice was time-barred. Under the Alabama Legal Services Liability Act, claims of legal malpractice "must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards." Ala. Code § 6-5-574(a); see Dennis v. Northcutt, 887 So. 2d 219, 220 (Ala. 2004). The Liability Act includes a savings clause that provides, "[I]f the cause of action is not

3

discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier." Ala. Code § 6-5-574(a); see Dennis, 887 So. 2d at 220.

Although the district court considered Alabama law unsettled regarding whether to use an "occurrence rule" or "damage rule" to calculate the period of limitations, Gardner's claims are time-barred under either rule. The alleged malpractice "occurred" either on June 4, 2002, when Bell and Thompson allegedly failed to respond timely to the request for admissions, or on September 30, 2002, when Bell and Thompson allegedly facilitated a fraud on the court. Gardner was "damaged" on January 3, 2003, the date the district court granted summary judgment for the Department on the basis of the alleged malpractice. Gardner filed suit on January 7, 2005, more than two years after even the latest of those dates. The savings clause likewise is inapplicable because Gardner reasonably could have known of either the alleged "occurrences" of legal malpractice or the "damage" caused by the alleged malpractice within two years.

**AFFIRMED.**

4